10-03-2095                                                                                               ARDC No. 06269266

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZDISLAW LESNY, <br>              Plaintiff, <br><br> vs. <br><br> P.O. MICHAEL KEFFE #8436, <br> P.O. SEAN DAILEY #10890, and <br> P.O. WILLIAM MORIARTY #6316, <br> individually, and the CITY OF CHICAGO, <br>              Defendants. | No.   10 CV 05895 <br><br> Judge Zagel <br><br> Jury Demand |

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the Defendants, CITY OF CHICAGO, ILLINOIS, P.O. MICHAEL KEFFE #8436, P.O. SEAN DAILEY #10890, and P.O. WILLIAM MORIARTY #6316,(hereinafter "Defendants" and "Defendant Officers"), by and through their attorneys, CUISINIER & FARAHVAR, LTD., and for their Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure, state as follows:

### INTRODUCTION

Plaintiff has made a claim for excessive use of force under 42 U.S.C. § 1983. Plaintiff was lawfully arrested on September 16, 2009. Plaintiff claims, however, that during the course of that arrest, he was pushed and injured. Defendants deny using excessive force against Plaintiff. Defendants seek the entry of a directed verdict in their favor on the basis that a reasonable jury does not have a legally sufficient evidentiary basis to find for Plaintiff. FRCP 50 (2011).

## ARGUMENT

Under Rule 50, if a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the Court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party on a claim that, under the controlling law, can be maintained only with a favorable finding on that issue. FRCP 50 (2011).

The use of force is unconstitutional if "judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest". Thurman v. Village of Hazel Crest, 570 F. Supp. 2d 1019, 1028 (N.D. Ill. 2008) (citing Payne v. Pauley, 337 F.3d 767, 778 (7th Cir. 2003)). The standard is reasonableness and "requires the careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight". Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872 (1989). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396, 109 S. Ct. at 1872.

According to Plaintiff, he was approached by the police for questioning at which time Plaintiff states that he moved back and the Defendant Officers jumped at him, pushed him, and that he fell and hit his head. None of these acts as described by Plaintiff could be considered "excessive force". The officers testified that they spoke to two victims, one of whom was a minor who showed him a red mark on his neck where Plaintiff had placed a knife on his neck and threatened to kill him. Independent witnesses, Ryan and Randy Hughes, communicated the

same information to Defendant Officers that was relayed by the victims, namely that Plaintiff pulled a knife on the minor victim's neck. Randy Hughes testified that the Plaintiff was holding a knife with a silver blade between 8 ½ and 11 inches long pointed towards the head and face of the younger kid while Plaintiff was arguing with the younger kid. The victim, Walter, testified that he directed the Defendant Officers to Plaintiff's home. Officer MORIARTY and KEEFE walked with the victims down the alley where the victims identified Plaintiff, a 5'10" stocky man, approximately 225 pounds, as the person who threatened their lives with a knife. After Plaintiff was identified, Defendant Officers secured the victims in the backseat of the patrol car in the alley. After the victims were secured in the police vehicle, Defendant Officers approached the gate to Plaintiff's backyard, from the alley, and asked Plaintiff to come to the gate so they could speak to him about the knife incident. Upon hearing the word "knife", Defendant Officers testified that the Plaintiff ran towards the garage door at the side of his house, where Defendant Officers presumed his van was parked.

Officer DAILEY told Plaintiff to stop running, that he was under arrest, and that he had to come with the Defendant Officers. Plaintiff would not comply with the request to stop and fled away from the Defendant Officers. Despite Polish being the Plaintiff's primary language, he testified that he understands the words "stop", "we want to talk to you" and "you are under arrest" and "stop resisting" in English. Defendant Officers believed that Plaintiff may have been grabbing a weapon and Officer DAILEY was focusing on restraining Plaintiff's left arm so he could bring it behind Plaintiff's back. Plaintiff was bracing himself with the doorjamb of the garage so he could not be pulled, resisting arrest. When Plaintiff was told to stop resisting and that he was under arrest, Plaintiff was yelling, in English, "Get the Dog. Get the Dog."

Eventually, Plaintiff was taken down to the ground by the Defendant Officers using an emergency take down. Plaintiff was taken down onto the concrete of his sidewalk. Facedown, Plaintiff still attempted to get up and defeat the arrest, keeping his hands underneath his stomach clinched where the Defendant Officers could not see his hands. Even after he was on the ground, Plaintiff continued to resist, requiring the Defendant Officers to tell Plaintiff again to stop resisting. Eventually, Plaintiff was handcuffed. Plaintiff had a laceration on his face with blood which occurred during his resist of the arrest. No officer punched, struck, elbowed, or otherwise hit Plaintiff at any time. No blows were ever made upon Plaintiff by any of the Defendant Officers.

## CONCLUSION

In summary, Defendants is entitled to judgment as a matter of law on the basis that his actions were reasonable under the circumstances and no evidence was presented to show otherwise.

Respectfully Submitted,

**CUISINIER & FARAHVAR, LTD.**

/s/ Paul A. Farahvar
Attorney for the Defendants

Francis P. Cuisinier
Paul A. Farahvar
Christopher M. Hiller
CUISINIER & FARAHVAR, LTD
200 W. Adams Street, Suite 430
Chicago, Illinois 60606
(312) 634-0412